# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                  **ORDER**
                                Criminal File No. 04-126 (MJD/SER)

NATHAN JOHN MIKULAK,

        Defendant.

---

Michelle E. Jones, Assistant United States Attorney, Counsel for Plaintiff.

Nathan John Mikulak, pro se

---

## I.    INTRODUCTION

This matter is before the Court on Defendant Nathan John Mikulak's Pro Se Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 [Docket No. 34], filed January 22, 2014.

## II.    BACKGROUND

Defendant pled guilty to the crime of Count 1 of the indictment charging him with the crime of Armed Career Criminal in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).   (See Am. J., Docket No. 33, at 1.)

1

At the time of sentencing in this Court, Defendant was already serving a state court sentence.  (See Plea Agreement, Docket No. 28, at 4.)  On September 30, 2004, this Court sentenced Defendant to an imprisonment term of 180 months, the statutorily-mandated minimum for the offense, "to be served concurrently with any and all pending sentences."  (Am. J. 2.)  That term of imprisonment was commenced as of September 30, 2004.

While in prison, Defendant made a request to the Bureau of Prisons, asking that it credit eight months and 23 days toward his federal sentence.  (See Def.'s Mot., at 4.)  However, the Bureau of Prisons responded that the requested period had already been credited toward his state sentence.  (See id.)  The Bureau of Prisons explained that, under 18 U.S.C. § 3585(b)—which allows only for provision of custody credit "that has not been credited against another sentence"—Defendant's request could not be granted.

On January 22, 2014, Defendant brought the current Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 [Docket No. 34] before the Court.  In his motion, Defendant requests that the Court reduce his sentence by approximately nine months because it intended to give him credit for time served.

## III.   DISCUSSION

### A. Standard of Review

Federal Rule of Criminal Procedure 36 allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Rule 36 specifically addresses clerical errors, or "mere scrivener's mistake[s]."  See United States v. Yakle, 463 F.3d 810, 811 (8th Cir. 2006) (denying relief under Rule 36 because there was "no mere scrivener's mistake").  "Rule 36 authorizes a court to correct a clerical error in a judgment at any time . . . . Rule 36 does not authorize a district court to modify a sentence at any time."  United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994).

### B. Analysis

Defendant argues that he served eight months and 23 days in state custody before his federal sentence, and he has not been properly credited for that time served.  Defendant asserts that it was the intent and understanding of the Court and the parties that he would receive credit for his federal sentence as from January 17, 2004 (as opposed to his federal sentencing date of September 30, 2004).  Defendant asks the Court to correct what he interprets as an error and

amend his sentence from 180 months to 171 months, pursuant to U.S.S.G. §

5G1.3(b).

The Court concludes the Defendant is not entitled to relief under Rule 36

because (1) no clerical error was made with respect to his sentence, and (2) the

Court declines to apply U.S.S.G. § 5G1.3(b) to adjust Defendant's sentence below

its mandatory minimum.  First, the Court did not make a clerical error with

respect to Defendant's sentence.  Defendant offers no support for his assertion

that the Court and the parties "intended" for him to receive credit for the eight

months he spent in custody prior to federal sentencing.  If a sentence is unclear in

written form or the oral pronouncement of the court is ambiguous, a court may

clarify the sentence by correcting it pursuant to Rule 36.  See Tramp, 30 F.3d at

1037.

After a thorough review of the record of Defendant's sentencing, the Court

concludes that there are no ambiguities in the record or aspects of Defendant's

sentence that require clarification.  In fact, there is nothing in the record

regarding custody credit for Defendant.  What the record reveals, however, is

that Defendant, in asserting what the Court "intended," may be conflating the

idea of custody credit with the notion of serving federal and state sentences

concurrently.  For example, the Plea Agreement between Defendant and the

Government provides that the Government had no objection to Defendant's

sentence being ordered to run concurrent with his state court sentence, and the

Sentencing Judgment provides that the Court ordered Defendant's sentence to be

served concurrently with other pending sentences.  The issue of how the

sentence would prospectively run in relation to the state court sentence is a

separate issue from whether credit would be awarded for time already served.

Calculation and application of custody credit is entirely under the purview

of the Attorney General, through the Bureau of Prisons.  See United States v.

Wilson, 503 U.S. 329, 335 (1992) (discussing the Bureau of Prison's responsibility

for administering sentences, determining when federal sentences commence, and

determining the extent to which defendants can receive credit for pre-sentence

custody).  Here, the Bureau of Prisons determined that it was unable to credit the

requested period toward Defendant's federal sentence due to application of §

3585(b).

Second, Defendant also argues that the Court should decrease his sentence

from 180 months to 171 months pursuant to U.S.S.G § 5G1.3.  That section

provides that if a defendant served a term of imprisonment that resulted from

another offense that is relevant conduct in the instant offense, and if that other

offense was the basis for an increase in offense level, "the court shall adjust the

sentence for any period of imprisonment already served on the undischarged

term of imprisonment if the court determines that such period of imprisonment

will not be credited to the federal sentence by the Bureau of Prisons."  Defendant

raises the case of United States v. Kiefer, 20 F.3d 874 (8th Cir. 1994), to assert that

the Court may use § 5G1.3(b) to adjust his sentence below his statutorily-

mandated minimum sentence of 180 months.  Kiefer, 20 F.3d at 877 ("[A]lthough

the issue is not free from doubt, we conclude that . . . . the district court erred in

stating that it had no discretion under § 5G1.3(b) to reduce Kiefer's mandatory

minimum sentence for the time he served in state prison as a result of the same

course of conduct.")

        As an initial note, the continuing validity of Kiefer is questionable.  See

United States v. Raysor, 661 F.3d 987, 990 n.2 (8th Cir. 2011) ("Kiefer was decided

in 1994 when the Sentencing Guidelines were viewed as mandatory. . . .

[w]hether Kiefer's holding is still good law and to what extent remains an open

question."), vacated on other grounds, 133 S. Ct. 70 (2012).  More significantly,

however, there is nothing in the record indicating that the Court ever intended to

apply § 5G1.3 to Defendant's sentence.  Without some indication that the Court

intended, in its discretion, to apply § 5G1.3, there is no showing that a clerical

error was made and therefore no basis for Defendant's Rule 36 motion.

Finally, although Defendant relies entirely upon Rule 36 as the basis for his

motion, the Court might liberally construe his motion as motion under 28 U.S.C.

§ 2255.  However, Defendant expressly rejects the notion that he is seeking relief

under § 2255 or any modification of his sentence.  (See Def.'s Reply, Docket No.

38, at 2-3 ("[T]his action is not a request for a sentence modification.").)

Furthermore, the relief Defendant requests would not be available under § 2255

because such a motion—at this time and on the grounds presented—would be

untimely.  See 28 U.S.C. § 2255(f).

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant's Motion to Correct Clerical Error Pursuant

to Federal Rule of Criminal Procedure 36 [Docket No. 34] is **DENIED**.


Dated:  May 28, 2014                    s/ Michael J. Davis

                                        Michael J. Davis
                                        Chief Judge
                                        United States District Court